[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-14499

Non-Argument Calendar

_____

MEL DAHL,

Plaintiff-Appellant,

*versus*

FLORIDA DEPARTMENT OF HIGHWAY SAFETY & MOTOR
VEHICLES,
CITY OF APOPKA, FLORIDA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

D.C. Docket No. 6:20-cv-01594-WWB-LRH

―――――――――――

Before LUCK, LAGOA, and EDMONDSON, Circuit Judges.

PER CURIAM:

Mel Dahl, proceeding *pro se*,[1] appeals the district court's dismissal of his *pro se* complaint against the Florida Department of Highway Safety and Motor Vehicles ("Department") and the City of Apopka, Florida ("City"). The district court determined that it lacked subject-matter jurisdiction based on the *Rooker-Feldman* doctrine.[2] Reversible error has been shown; we affirm in part and vacate in part the final judgment and remand for further proceedings.

## I.

This appeal arises from a traffic citation Dahl received for failing to stop at a red light ("Citation"). The City issued the Citation after a "red light camera" recorded Dahl making a right-hand turn at a red light without coming to a full stop.

―――――――――――

[1] We read liberally briefs filed by *pro se* litigants. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). We also construe liberally *pro se* pleadings. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

[2] *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Dahl requested a hearing in the state traffic court.  At the hearing, Dahl argued that the Citation should not have issued because his turn was "careful and prudent" within the meaning of the pertinent statute.  The hearing officer ruled against Dahl in part because the intersection also had a posted sign that read, "Stop here on red."  The hearing officer found Dahl guilty and imposed a fine of $295.

Dahl appealed the hearing officer's ruling to the Circuit Court of Orange County, Appellate Division.  In that appeal, Dahl says he raised "the same due process and equal protection arguments" he now raises in this federal civil action.  In November 2019, the state appellate court -- without a written opinion -- affirmed the hearing officer's decision.  The Fifth District Court of Appeal later denied both Dahl's petition for writ of *certiorari* and Dahl's motion to certify a question to the Florida Supreme Court.

On 31 August 2020, Dahl filed *pro se* this civil action in federal district court.  In his complaint, Dahl focused on a provision of Florida's red-light-camera statute (Fla. Stat. § 316.0083) which provides that "a traffic citation may not be issued for failure to stop at a red light if the driver is making a right turn in a careful and prudent manner at an intersection where right-hand turns are permissible."  Dahl alleged that -- despite this plain statutory language -- "a regime has arisen in Florida in which whether a full stop is mandated is at the whim of each individual hearing officer."  Dahl also alleged that posted signs (possibly requiring a stop on red) varied in wording from one intersection to another, were ambiguous and

were subject to interpretation by individual hearing officers.  As a result, Dahl argued that Florida drivers lacked adequate notice about what conduct was punishable under the red-light-camera statute.

Dahl asserted five claims against the City and against the Department.  In Count 1, Dahl asserted a claim for violation of due process based on the inconsistent interpretation and application of Florida's red-light-camera statute by hearing officers statewide and on the lack of notice to Florida drivers about the statute's meaning. In Count 2, Dahl alleged that the hearing officer violated Dahl's due process rights by adding a condition not found in the statute. In Count 3, Dahl alleged an equal protection claim based on the inconsistent enforcement of the red-light-camera statute by hearing officers: an "enforcement regime" that Dahl said results in some drivers being treated more favorably than others.  In Count 4, Dahl asserted a claim for "lenity," arguing that if the red-light-camera statute was deemed ambiguous, he was entitled to the most favorable interpretation.  In Count 5, Dahl sought a declaration that "Florida's red light camera regime" is unconstitutional. As relief, Dahl sought (1) a declaration that Florida's red-light-camera regime was unconstitutional; (2) an injunction enjoining the City and the Department from acting further against Dahl based on the Citation; (3) a writ of mandamus requiring the City to vacate and to dismiss the Citation and to vacate all unfavorable court rulings resulting from the Citation; and (4) monetary damages.

The magistrate judge issued a report and recommendation ("R&R") recommending that the district court dismiss Dahl's complaint for lack of subject-matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. The magistrate judge made these conclusions: (1) Dahl's "allegations relate[d] to claims he lost in state court;" (2) the hearing officer's decision became a final state-court judgment before Dahl filed this civil action; (3) Dahl had an opportunity to (and did) raise his federal constitutional claims in state court; and (4) the issues raised by Dahl in this civil action are "inextricably intertwined" with the underlying state-court judgment.

Dahl filed objections to the R&R, which the district court overruled. The district court then adopted the R&R and dismissed without prejudice Dahl's complaint for lack of subject-matter jurisdiction. This appeal followed.

## II.

### A. *Rooker-Feldman*

We review *de novo* a district court's application of the *Rooker-Feldman* doctrine. *See Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1069 (11th Cir. 2013).

The *Rooker-Feldman* doctrine "is intended to prevent the federal courts from hearing what are essentially appeals from state court decisions, which may only be heard by the United States Supreme Court." *Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279, 1284 (11th Cir. 2018). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court

proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Both this Court and the Supreme Court have stressed that *Rooker-Feldman* is a narrow doctrine to be applied only in limited circumstances. *See id.* at 284, 291; *Behr v. Campbell*, 8 F.4th 1206, 1208-09, 1211, 1213 (11th Cir. 2021); *Target Media Partners*, 881 F.3d at 1281, 1285; *Nicholson v. Shafe*, 558 F.3d 1266, 1278-79 (11th Cir. 2009). Dismissal under *Rooker-Feldman* is proper only if the state-court loser attacks directly the underlying state-court judgment and complains of injuries "caused by the judgment itself." *See Behr*, 8 F.4th at 1212. A "claim that at its heart challenges the state court decision itself -- and not the statute or law which underlies that decision -- falls within the doctrine." *Id.* at 1211. *Rooker-Feldman* does not, however, bar a claim "simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Id.*

In applying *Rooker-Feldman*, the inquiry is not whether the complaint as a whole seems to challenge a prior state-court judgment. *See id.* at 1213. And we have admonished courts for using the doctrine as "a broad means of dismissing all claims related in one way or another to state court litigation." *See id.* at 1211-12. Instead, we take a claim-by-claim approach, determining "whether resolution of each individual claim requires review and rejection of a state court judgment." *Id.* at 1213.

Here, the district court erred in concluding that it lacked subject-matter jurisdiction over Dahl's complaint based on *Rooker-Feldman*. In making that determination -- a determination made without the benefit of our intervening decision in *Behr* -- the district court applied a four-factor test that has been abandoned. *See Behr*, 8 F.4th at 1210 (noting that we have "abandoned the four-factor test that had previously guided this Circuit's application of *Rooker-Feldman*"); *Nicholson*, 558 F.3d at 1273-74 (declining to apply this Court's previous test for applying *Rooker-Feldman* in the light of the Supreme Court's decision in *Exxon Mobil*). The district court also failed to apply *Rooker-Feldman* on a claim-by-claim basis, concluding instead that Dahl's complaint as a whole "related" to and was "inextricably intertwined" with claims raised in Dahl's state-court proceedings.

Following the approach described in *Behr*, we now address individually each of Dahl's claims. In Count 1, Dahl alleges that the inconsistent interpretation and application of the red-light-camera statute by hearing officers provides inadequate notice to Florida drivers about the statute's meaning and constitutes a violation of due process. In Count 3, Dahl contends that this inconsistent "enforcement regime" results in some drivers being treated more favorably than others, in violation of equal protection. In Count 5, Dahl seeks a declaration that Florida's red-light-camera "regime" is unconstitutional.

Each of these claims constitutes a general attack on the constitutionality of the state-wide process for interpreting and

enforcing Florida's red-light-camera statute:  no direct attack on the underlying state-court judgment against Dahl.   And the complained-of injuries -- lack of adequate notice and unequal treatment -- are injuries purportedly caused by the state-wide process, not by the judgment itself.  To the extent Dahl seeks money damages and declaratory relief, his constitutional claims are not barred by *Rooker-Feldman*.  *See Feldman*, 460 U.S. at 482-83, 486-87 (concluding that the federal district court lacked subject-matter jurisdiction to review state-court judgments denying plaintiffs' individual applications for bar admission but retained subject-matter jurisdiction over constitutional challenges to the validity of the state court's bar-admission rules); *Target Media Partners*, 881 F.3d at 1288-89 ("*Rooker-Feldman* bars federal district court jurisdiction over appeals from particular state court adjudications but not over challenges to general rules and procedures.").  That Dahl asserted these due process and equal protection claims in his appeal to the state appellate court does not strip the district court of subject-matter jurisdiction under *Rooker-Feldman*.  *See Behr*, 8 F.4th at 1212.

In Count 2, Dahl alleges that the hearing officer violated his due process rights by taking into consideration an extra condition -- the presence of the "Stop here on red" sign -- in applying the red-light-camera statute in Dahl's case.  To the extent Dahl seeks money damages for the alleged constitutional violation, that claim also falls outside the narrow scope of *Rooker-Feldman*.  *See Behr*, 8 F.4th at 1213 (concluding that claims seeking money damages for

constitutional violations that happened during the underlying state-court proceedings were not barred by *Rooker-Feldman*).

In his prayer for relief, Dahl also requests an injunction enjoining the defendants from acting further to enforce the Citation; and he requests a writ of mandamus ordering the City to vacate and dismiss the Citation and to vacate all unfavorable court rulings stemming from the Citation. Claims for these forms of relief invite the district court to review and reject the underlying state-court judgment itself and, thus, are barred under *Rooker-Feldman*.

In Count 4, Dahl contends that he is entitled to have the district court construe the red-light-camera statute in his favor under the rule of lenity. This claim is also barred by *Rooker-Feldman* as it attacks directly the state court's application of the red-light-camera statute in Dahl's case and invites the district court to review and reject the state court's judgment.

In sum, we affirm in part and vacate in part the district court's order dismissing Dahl's complaint for lack of subject-matter jurisdiction. We affirm the dismissal of Count 4 and the dismissal of Counts 1, 2, and 3 to the extent Dahl's requests injunctive relief and a writ of mandamus. We vacate the district court's dismissal of Counts 1, 2, 3, and 5 to the extent Dahl seeks declaratory relief and money damages; and we remand to the district court for further consideration of these claims. We express no opinion about the merits of these claims. Nor do we rule out that these claims might be barred by other preclusion doctrines: doctrines that are "separate and distinct from *Rooker-Feldman*'s jurisdictional

prohibition." *See Behr*, 8 F.4th at 1210, 1214.  We leave it to the district court to consider the applicability of those doctrines in the first instance.

## B.  CM/ECF Access

Dahl also contends that the magistrate judge erred in denying him access to the district court's electronic filing system ("CM/ECF") despite Dahl's familiarity with CM/ECF through his employment as a paralegal.

Under the Middle District of Florida's administrative procedures, *pro se* litigants may access CM/ECF only with the approval of the presiding judge.  *See* M.D. Fla., *Administrative Procedures for Electronic Filing* § B(4) (Dec. 16, 2021).  We review for abuse of discretion a district court's application of its local rules, affording great deference to the district court's interpretation of those rules. *See Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1302 (11th Cir. 2009).

In his motion for leave to use the court's electronic filing system, Dahl argued that allowing him access to CM/ECF would conserve court resources and would "put the parties on an equal footing procedurally since [his] filings would be immediately available to the Court and opposing counsel, rather than suffering a delay from being scanned into the system by the Court."  The magistrate judge denied Dahl's motion, concluding that mere "ease of access" was an insufficient reason to justify granting access to CM/ECF.  On this record, we cannot conclude that the magistrate

21-14499                Opinion of the Court                11

judge committed a clear error of judgment in denying Dahl access to CM/ECF.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.